UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

OSCAR C. L.,

    Petitioner,

v.

CHARLES GREEN,

    Respondent.

Civ. No. 18-9330 (KM)

OPINION

KEVIN MCNULTY, U.S.D.J.

## I. INTRODUCTION

Petitioner, Oscar C. L.,[1] is an immigration detainee currently held at the Essex County Correctional Facility in Newark, New Jersey. He is proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be granted insofar as petitioner will be granted a bond hearing.

## II. PROCEDURAL HISTORY

The petitioner, a native and citizen of Colombia, was admitted to the United States as a lawful permanent resident in 1997. In October 2016, Petitioner was convicted of distributing heroin near a school zone, in violation of N.J. Stat. Ann. § 2C:35-7. The Department of Homeland Security, Immigration and Customs Enforcement, took Petitioner into custody on June 8, 2017, and commenced removal proceedings against him. Petitioner has remained in immigration custody since that time.

---

[1]     Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Petitioner is identified herein only by his first name and last initial.

Petitioner thereafter filed a petition for a writ of habeas corpus, seeking his immediate release on bond or an order directing that he receive an individualized bond hearing at which the government would bear the burden of justifying Petitioner's continued detention. (DE 1.) Petitioner does not dispute that he was properly detained under 8 U.S.C. § 1226(c), but he asserts that the length of his detention has been prolonged to the point that it has become unconstitutional under the decision of the Court of Appeals for the Third Circuit in *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). (*See id.*)

I ordered respondent to file an answer to the petition. (DE 2.) I also ordered the government to notify the Court within seven days if Petitioner was release from custody, and to keep the Court apprised of "any change in the basis for petitioner's immigration detention." (*Id.*)

The government filed an answer to the petition on behalf of respondent Charles Green, the warden of the Essex County Correctional Facility. (DE 4.) It argues that the Supreme Court's holding in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), abrogated *Chavez-Alvarez* and established that detention under § 1226(c) is mandatory until removal proceedings have concluded. (*Id.* at 3– 6.) It urges that the Supreme Court uphold the facial constitutionality of § 1226(c), and it contends that as-applied challenges to that section are appropriate only in extraordinary cases. (*See id.* at 6–18.)

### III. ANALYSIS

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that this custody violates the constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner may seek § 2241 relief only in the district in which he is in custody. *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). This Court has jurisdiction over Petitioner's

2

claims as he is detained within this district and alleges that his custody violates the Due Process Clause of Fifth Amendment.

Under 8 U.S.C. § 1226(c)(1), certain non-citizens with criminal convictions are subject to mandatory detention while removal proceedings are pending. *See Jennings*, 138 S. Ct. at 846–47. As noted above, Petitioner does not challenge that his conviction for distributing heroin triggered his detention under § 1226(c).[2] Instead, he claims that his detention has been unconstitutionally prolonged and that relief is warranted under *Chavez-Alvarez* and *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011). (*See* DE 1 at 9–14.)

In *Diop*, the Third Circuit applied the canon of constitutional avoidance in holding that persons detained under § 1226(c) must, at some point, receive bond hearings to warrant ongoing detention, as § 1226(c) "authorizes only mandatory detention that is reasonable in length." *Diop*, 656 F.3d at 231–35. The Third Circuit reiterated this holding in *Chavez-Alvarez* and determined that detention under § 1226(c) would become constitutionally suspect at some point between 6 and 12 months in duration. *See Chavez-Alvarez*, 783 F.3d at 473–78. In *Jennings*, the Supreme Court abrogated the direct holdings of *Diop* and *Chavez-Alvarez*. Specifically, it found that, as § 1226(c) is not susceptible to a reading requiring bond hearings at some point, the canon of constitutional avoidance may not be employed to read such a requirement into the statute. *Id.* at 842, 846–47.

As acknowledged by the government, the *Jennings* Court did not perform any analysis of the constitutionality of prolonged detentions under § 1226(c). *See id.* at 851. In *Demore v. Kim*,

---

2   It appears that Petitioner falls under § 1226(c)(1)(B), which applies to a person who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)", and § 1227(a)(2)(B), which renders deportable "[a]ny alien who at any time after admission has been convicted of a violation of any law or regulation of a State . . . relating to a controlled substance, other than a single offense involving possession for one's own use of 30 grams or less of marijuana." 8 U.S.C. § 1227(a)(2)(B)(i) (parentheticals omitted).

3

538 U.S. 510 (2003), the Supreme Court had previously found § 1226(c) to be constitutional on its face, noting that most resulting detentions would be relatively brief. *Id.* at 517–31 ("In sum, the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal."). In light of the holdings in *Demore* and *Jennings*, "only an individualized as applied constitutional challenge to the statute remains for [a] Petitioner" subjected to extended detention under § 1226(c). *Dryden v. Green*, 321 F. Supp. 3d 496, 501–02 (D.N.J. 2018).

As the Third Circuit has subsequently noted, however, "*Jennings* did not call into question [the] constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018); *see also Dryden*, 321 F. Supp. 3d at 502. Whether detention under § 1226(c) is constitutional remains "a function of the length of the detention," whereby "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues." *Diop*, 656 F.3d at 232, 234; *see also Chavez-Alvarez*, 783 F.3d at 474–75. Thus, at some point, detention under § 1226(c) becomes "so unreasonable as to amount to an arbitrary deprivation of liberty" in violation of the Due Process Clause. *Dryden*, 321 F. Supp. 3d at 502; *see also Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474. Judges in this district have previously found detention for just over a year insufficient to support an as-applied challenge to § 1226(c)'s constitutionality, *see, e.g., Charles A. v. Green*, No. 18-1158, 2018 WL 3360765, at *5 (D.N.J. July 10, 2018), but have found longer periods to become arbitrary without the benefit of a bond hearing, *see Thomas C. A. v. Green*, No. 18-1004, 2018 WL 4110941, at *5–6 (D.N.J. Aug. 29, 2018) (15 months); *K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at *4 (D.N.J. Aug. 7, 2018) (19 months).

Here, Petitioner has been in immigration detention for nearly 21 months.[3] While the government lists various continuances that were granted at Petitioner's request, there is no allegation (or indication) that Petitioner has been requesting continuances in bad faith or for the purposes of delay. Furthermore, the Third Circuit has cautioned against denying relief when to do so would "effectively punish [the petitioner] for pursuing applicable legal remedies." *Leslie v. Attorney Gen. of U.S.*, 678 F.3d 265, 270–71 (3d Cir. 2012) (internal quotation marks omitted).

Given these circumstances and the length of Petitioner's detention, I conclude that continuing the detention without a bond hearing would be arbitrary under the Due Process Claus of the Fifth Amendment and an unconstitutional application of § 1226(c). Accordingly, I will order the government to provide petitioner with a bond hearing within 21 days.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition (ECF No. 1) will be granted insofar as I will order that Petitioner receive a bond hearing within 21 days concerning his ongoing detention. An appropriate order follows.

DATED: March 6, 2019

KEVIN MCNULTY
United States District Judge

---

[3] As the government has not notified the Court of any change in Petitioner's detention status (e.g., release or transition to detention under another statutory provision), as it would have been required to do within seven days under my prior order (DE 2), I proceed under the assumption that Petitioner remains in detention under § 1226(c).

5